UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PHILIPS NORTH AMERICA LLC, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 19-cv-11586-IT |
| FITBIT, INC., | * * * | |
| Defendant. | * | |

SCHEDULING ORDER

March 25, 2020

TALWANI, D.J.

      This Scheduling Order is intended to provide a reasonable timetable for discovery and claim construction in order to help ensure a fair and just resolution of this matter without undue expense or delay.

Timetable for Discovery and Claim Construction

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rules 16.1(f) and 16.6, it is hereby ORDERED that:

**I. Preliminary Disclosures**

    A.    **Initial Disclosures.** Initial disclosures required by Federal Rules of Civil Procedure 26(a) shall be completed by April 15, 2020. Supplemental disclosures under Rule 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

    B.    **Automatic Patent-Related Disclosures**. In addition to the automatic required disclosures required by Federal Rule of Civil Procedure 26(a), the parties shall complete all patent-related disclosures contemplated by Local Rule 16.6(d)(1) and (4) by April 15, 2020.

**II. Claim-Construction Proceedings**

    A.    **Joint Statement**

        1.    Not later than April 30, 2020, the parties shall simultaneously exchange a list of

        claim terms to be construed and their proposed constructions.

2. Not later than May 7, 2020, the parties shall confer to see if agreement can be reached on the construction of claim terms and the number of claims to be considered.

3. The parties may jointly present to the court no more than 10 claim terms for construction; provided, however, that, for good cause, either party, after conferring with the other parties, may petition the court to increase the number of claim terms for construction. Factors supporting good cause include, without limitation, the complexity of the patented technology, the number of asserted claims and patents, the lack of relation among the asserted patents, the number and complexity of invalidity defenses, and the number and diversity of accused products or methods.

4. Not later than May 14, 2020, the parties shall prepare and file a joint statement of the number of claims and terms to be construed. The joint statement shall include a joint claim-construction chart listing the claim terms noting each party's proposed construction of each term. The parties may use the form shown below.

| TERM | PATENT OWNER'S CONSTRUCTION | ACCUSED INFRINGER'S CONSUTRCTION | COURT'S CONSTRUCTION |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

5. The joint statement shall note the anticipated length of time necessary for the claim-construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.

6. The joint statement shall include a proposed order in which parties will present their arguments at the claim-construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.

7. The joint statement shall prioritize the disputed terms in order of importance.

B. **Opening Claim-Construction Briefs.** Not later than May 28, 2020, the parties shall simultaneously exchange and file opening claim-construction briefs.

C. **Expert Testimony.** Any party seeking to rely on expert testimony to support claim construction must include with its opening brief an expert declaration. The offering party must make the expert available for deposition not later than June 18, 2020. Either party may cite to the expert deposition testimony in its responsive brief. Other than the initial declaration and deposition testimony, no further expert testimony shall be permitted unless the court requests further testimony or for good cause shown.

    D.    **Responsive Briefs**. Not later than July 8, 2020, the parties shall simultaneously exchange and file responsive briefs. This response period is intended to allow for depositions of opposing experts.

    E.    **Page Limits.** Absent leave of court, the page limits of L.R. 7.1(b)(4) shall apply to all briefs.

    F.    **Tutorials.** At the court's request, the parties may exchange and file tutorials, preferably in the form of a short video or slide presentation, at least 14 days before the claim-construction hearing. The court may also, at its own election, seek an independent third party to educate the court on the disputed technology.

    G.    **Hearing.** The claim-construction hearing will be held on **August 6, 2020, at 10:00 a.m.** Unless the court orders otherwise, the claim-construction hearing shall proceed by attorney argument only. Any party seeking to present live witness testimony (expert or otherwise) at the hearing must obtain the court's approval, which it may grant in its discretion. The court may also order an evidentiary hearing *sua sponte*.

**III.**    **Status Conference.** Per Local Rule 16.6(c)(3), a status conference is set for **September 9, 2020, at 3:00 p.m.**

**IV.**    **Other Discovery Deadlines.**

    A.    **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after March 24, 2020.

    B.    **Fact Discovery.**

        1. All written fact discovery shall be served by September 2, 2020.
        2. All fact discovery shall be completed by October 14, 2020.

    C.    **Expert Discovery.**

        1. Opening expert reports regarding issues as to which a party bears the burden shall be filed no later than November 18, 2020.
        2. Rebuttal expert reports shall be filed no later than January 6, 2021.
        3. All expert discovery, including expert depositions, must be completed by February 18, 2021. The parties shall meet and confer regarding the timing of the depositions.

    D.    **Dispositive Motions.** Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings must be filed no later March 19, 2021.

    E.    **Initial Pretrial Conference.** An initial pretrial conference is set for June 23, 2021, at 2:30 P.M.

Procedural Provisions

**Extension of Deadlines.** Motions to extend or modify deadlines will be granted only for good cause shown. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

**Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than seven days after the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

**Status Conferences.** Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.

**Early Resolution of Issues.** The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to confer and jointly advise the court of any such issues.

**Pretrial Conference.** Lead trial counsel are required to attend any pretrial conference.

**Discovery Disputes.** In the event counsel encounter a discovery dispute, they are encouraged to request a hearing or telephone conference with the court before filing a discovery motion.

IT IS SO ORDERED.

Date: March 25, 2020               /s/ Indira Talwani
                                   United States District Judge