UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHILIPS NORTH AMERICA LLC,

        Plaintiff,

v.

FITBIT, INC.,

        Defendant.

Civil Action No. 1:19-cv-11586-IT

## FITBIT'S PETITION FOR LEAVE TO CONSTRUE ADDITIONAL CLAIM TERMS

Pursuant to Local Rule 16.6(e)(1)(C), Fitbit, Inc. ("Fitbit" or "Defendant") respectfully submits that good cause exists for submission of 14 claim terms for the Court's construction. Philips is asserting 31 claims with 59 limitations, against 21 different accused products, spread across four patents-in-suit and three separate patent families. The parties have met and conferred to limit the number of claim terms for the Court's construction[1], however the asserted claims include four claim elements that the parties agree are means-plus-function (MPF) terms governed by 35 U.S.C. § 112. ¶ 6. Because the claim elements are construed under MPF rules, the function and corresponding structure of each element **must** be determined as part of claim construction—these claim elements cannot be left without construction. See e.g. Federal Circuit Bar association Model Jury Instruction for MPF claim, attached. Unfortunately, the parties cannot reach agreement on how these four MPF terms should be addressed, or even if construction is necessary.

On April 30, 2020, the parties were required to exchange their initial identification of claim terms for construction. Philips failed to identify the function and corresponding structure for **any**

---

[1] All terms identified for construction by Fitbit are directly relevant to Philips' claims of infringement. Philips informed Fitbit that the claim terms it was identifying were relevant to issues of invalidity.

of the MPF claim terms. It was only after a week of discussion with Fitbit that Philips was willing to revisit its initial position that the MPF terms did not require any separate identification of function or structure.

Fitbit's approach to construing the MPF terms follows well-settled Federal Circuit law. The Court construes the <u>function</u> of the claim term, then the specification is analyzed to identify <u>all</u> of the corresponding <u>structure</u> that is clearly linked by the specification to the performance of the full scope of the claimed function. *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1347 (Fed. Cir. 1999); see also *Cybor Corp. v. FAS Technologies, Inc.,* 138 F.3d 1448, 1458 (Fed. Cir. 1998) (en banc); *Texas Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1209 (Fed. Cir. 2002). Only after the Court has completed this claim construction process is the identified corresponding structure compared to the accused product to determine if an identical structure, or structural equivalent, is present in the accused device. If the structure is present, it must also perform the identical function as that identified in the claim construction for infringement to exist. *Id.* Philips' approach to MPF claim construction does not follow these basic rules.

Philips first contends that a MPF limitation may not even require a determination of function and structure, but could instead be simply "plain and ordinary meaning." Such an approach fails to follow the Federal Circuit's multi-step approach outlined above.

Philips' late identification of proposed function and structure for the MPF terms impermissibly edits the claimed function, ignoring express statements in the specification of the scope of the function, in an effort to avoid invalidity. *See* Fitbit's Motion for Partial Summary Judgement, D.I. 44. Philips then fails to identify all of the corresponding structure required to perform the full range of the claimed function, instead only pointing to one or two components, rather than <u>all</u> of the structural components required to perform the claimed function. Philips caps

off its proposed approach to these MPF terms with a separate hybrid combination of function and structure as a resulting summary "construction" of the overall MPF term, rather than simply identifying the proper function and structure. This hybrid "construction" is improper and blurs the distinction between structure and function, rendering a proper step-by-step infringement analysis impossible.

Good cause exists to expand the number of claim terms to be construed from 10 to 14. This increase is necessary to address the disputed claim limitations that are all relevant to claims of infringement and invalidity for the 31 asserted claims and therefore must be construed under *O2 Micro International Ltd. v. Beyond Innovation Technology Co.,* 521 F.3d 1351 (Fed. Cir. 2008). In addition, all of the MPF claim terms must be construed to provide a court-approved function and structure for each term, separate and apart from the reasoning of *O2 Micro*.

The parties meet and conferred and Philips objects to construction of more than 10 terms, and disagrees that construction of MPF terms to identify function and corresponding structure is required.

Dated: May 14, 2020

          FITBIT, INC.

          By Its Attorneys,

          */s/ Yar R. Chaikovsky*
          Yar R. Chaikovsky
          yarchaikovsky@paulhastings.com
          Chad Peterman
          chadpeterman@paulhastings.com
          Dave Beckwith
          davidbeckwith@paulhastings.com
          David Okano
          davidokano@paulhastings.com
          Radhesh Devendran
          radheshdevendran@paulhastings.com
          Berkeley Fife
          berkeleyfife@paulhastings.com

          PAUL HASTINGS LLP
          1117 S. California Avenue
          Palo Alto, California  94304-1106
          Telephone:    1(650) 320-1800
          Facsimile:    1(650) 320-1900

          Jennifer B. Furey (BBO # 634174)
          Andrew T. O'Connor (BBO # 664811)
          GOULSTON & STORRS PC
          400 Atlantic Avenue
          Boston, MA 02110
          Telephone: (617) 482-1776
          Facsimile: (617) 574-4112

          E-mail: jfurey@goulstonstorrs.com
          aoconnor@goulstonstorrs.com

## **LOCAL RULE 7.1 CERTIFICATION**

    I, Yar Chaikovsky, counsel for Defendant Fitbit, Inc., hereby certify that we have conferred with counsel for Philips North America, LLC to resolve the issues presented in this petition, but after a good faith attempt to reach agreement, the parties did not do so.

Dated: May 14, 2020                        By:   */s/ Yar R. Chaikovsky*
                                                                    Yar Chaikovsky (*pro hac vice*)

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the above document was served on the attorney of record for each party via the Court's CM/ECF system, which will send notification of this filing (NEF) to all registered participants, and paper copies will be sent to those indicated as nonregistered participants.

Dated: May 14, 2020          By:    */s/ Yar R. Chaikovsky*
                                                Yar R. Chaikovsky (*Pro Hac Vice*)