UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FITBIT, INC., )<br>)<br>Defendant. )<br>)<br>)<br>) | C.A. No. 1:19-cv-11586-IT<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S PETITION FOR LEAVE TO CONSTRUE ADDITIONAL CLAIM TERMS**

Plaintiff Philips North America, LLC ("Philips") opposes Fitbit, Inc.'s ("Fitbit") Petition for Leave to Construe Additional Claim Terms because Fitbit has failed to demonstrate good cause necessitating the construction of the four additional terms—particularly when opening claim construction briefs are due in two weeks under a schedule that contemplated construction of no more than 10 claim terms (*See* Scheduling Order, Dkt. 54).

**I.   Procedural Background**

When the parties originally exchanged their list of proposed claim terms for construction on April 30th, 2020 Philips identified four (4) terms while Fitbit identified fourteen (14). At that time, Fitbit was already well aware that it **alone** sought construction of well more than 10 terms but did not seek relief from the Court. During the meet and confer process, Philips agreed that one of the terms proposed by Fitbit should be construed, and left it up to Fitbit to identify the remaining five terms that would be included in the Joint Statement. During the meet and confer, Fitbit also agreed to withdraw an asserted claim, mooting the need to construe one of the terms

proposed by Fitbit.    In preparing the Joint Statement, Fitbit demanded, over Philips's objection, that the additional four terms that it sought to construe be included in some form with the joint statement—despite the fact that the Scheduling Order unequivocally states that "[t]he parties may jointly present to the court no more than 10 claim terms for construction." (*See* Dkt. 54 at 2.)

## II.     The Court is Not Required to Construe Every Means-Plus-Function Term.

Fitbit's request to construe additional claim terms is based on the fundamentally flawed premise that the court **must** construe every means-plus-function claim, regardless of whether there is any real dispute that necessitates construction.  Of course, Courts routinely decline to formally construe means-plus-function claims where doing so is unnecessary.  *See Sunbeam Prods., Inc. v. Homedics, Inc.*, No. 08-cv-0376-slc, 2008 WL 5423204 at *2 (W.D. Wis. Dec. 30, 2008)  (declining to construe every means-plus-function term); *Eon Corp. IP Holdings, LLC v. Sensus USA Inc.*, 741 F.Supp.2d 783, 815, 818 (E.D. Tex. 2010) (declining to construe two means-plus-function claims); *In re Katz Interactive Call Processing Patent Litig.*, No. 07-ml-01816-B RGK (FFMx), 2008 WL 4952454 at *11 (C.D. Cal. Feb. 21, 2008) (declining to construe a means-plus-function term as it was not one of the 30 disputed terms the parties were permitted to brief); *Emergis Tech., Inc. v. PNM*, No. CIV 06-100 LCS/LFG, 2007 WL 5685359 at *12 (D. N.M. Jan. 2, 2007) (declining to construe three means-plus-function claims as it appeared there was no dispute between the parties).

The court in *Sunbeam Products* provided a helpful explanation of this issue when rejecting Defendant's contention there that all means-plus-function terms required construction:

> With respect to the remaining terms, defendant has failed to establish that they are related to a dispute regarding invalidity or infringement. With respect to the means-plus-function terms […] defendant contends that claim construction of a 'means-plus-function' term always is required, citing *Lockheed Martin Corp. v. Space Systems/Loral, Inc.,* 324 F.3d 1308, 1319 (Fed.Cir.2003). What the court actually said was that

> "[o]nce a court establishes that a means-plus-function limitation *is at issue,* it must identify and construe that limitation." *Id.* at 1319 (emphasis added). Merely identifying a claim term as a "mean-plus-function" term does not require a court to construe the term. The moving party still bears the burden of showing that the term is relevant to a disputed issue of invalidity or infringement. In this case, defendant has failed to do so and therefore, defendant's motion for construction of these terms will be denied.

*Sunbeam Prods.,* 2008 WL 5423204 at *1. In the present case, Fitbit has failed to make any case that the additional means-plus-function terms that it seeks to construe have any bearing on an issue related to infringement or invalidity. Rather, after initially identifying the terms, it merely objected to the fact that Philips did not identify all means-plus-function terms for construction. During the meet and confer, and in an effort to potentially narrow the issues, Philips identified proposed constructions along with an identification of structure and function. However, Fitbit did not agree to Philips's proposals, and instead manufactured superficial disputes as to the appropriate structure that have no bearing on infringement or invalidity issues—and which demonstrate why the Court and the parties should not needlessly waste time and resources on unnecessary claim constructions.

Fitbit's Petition cites a handful of Federal Circuit cases that generally discuss the standards for construing means-plus-function claims, but none stands for the proposition that a court must construe every means-plus-function term. To the contrary, the Federal Circuit has explained that "only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999). Even in *O2 Micron*, the Federal Circuit acknowledged that "district courts are not (and should not be) required to construe *every* limitation present in a patent's asserted claim." *O2 Micro Int'l Ltd. v. Beyon Innovation Tech Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). (emphasis in original). Fitbit additionally cites the Federal Circuit Bar Association model jury

3

instructions, which have no binding authority, and which in any case would only be used as a model for presenting means-plus-function claim constructions to a jury when such constructions were actually necessary.

### III. No Good Cause to Construe Fitbit's Additional Non-Means-Plus-Function Terms

Despite exclusively focusing its arguments on the purported need to construe all means-plus-function terms, two (2) of the four (4) additional terms that Fitbit seeks to construe are **not** means-plus-function terms. Fitbit has made absolutely no showing as to why good cause exists to construe these additional terms. Of note with respect to these terms, Fitbit seeks to construe the common term "memory" as limited to a particular *way of using* memory, without any explanation as to why this is necessary; while further seeking to construe the term "powered-down" such that it means "powered-off" (despite the specifications discussion or operating at a "low" powered state).

### IV. Conclusion

For the reasons explained above, Fitbit's petition should be denied. Fitbit has not made the showing of good cause necessary to justify spending the Court's, and the Parties', time and resources addressing four additional terms for construction beyond the ten provided for in the scheduling order.

Dated: May 14, 2020                                                          Respectfully Submitted,


 /s/ Ruben J. Rodrigues
Ruben J. Rodrigues (BBO 676,573)
Lucas I. Silva (BBO 673,935)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Phone: (617) 342-4000
Fax: (617) 342-4001
rrodrigues@foley.com
lsilva@foley.com

Eley O. Thompson (*pro hac vice*)
FOLEY & LARDNER LLP
321 N. Clark Street
Suite 2800
Chicago, IL 60654-5313
Phone: (312) 832-4359
Fax: (312) 832-4700
ethompson@foley.com

*Counsel for Philips North America LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 14, 2020, a copy of the foregoing document was filed with the Court through the ECF system and that a copy will be electronically served on registered participants as identified on the Notice of Electronic Filing.

By: /s/ Ruben J. Rodrigues