# EXHIBIT A

EXPEDITED PROCEDURE
PATENT
Docket No. 1999P01960US06
Customer No. 24737

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of:<br>　　Roger J. QUY | Atty. Docket: 1999P01960US06 |
| Serial No.: 13/632,771 | Confirmation No. 4536 |
| Filed: October 1, 2012 | Group Art Unit: 3792 |
| For:<br>METHOD AND APPARATUS FOR<br>MONITORING EXERCISE WITH<br>WIRELESS INTERNET CONNECTIVITY | Examiner: Shirley Xueying Jian |

<u>Reply under 37 CFR 1.116(b)</u><br>
<u>– Expedited Procedure –</u><br>
<u>Technology Center 3792</u>

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Examiner:

　　In response to the Office Action electronically delivered on January 10, 2019, and having a period for response set to expire on April 10, 2019, Applicant respectfully requests that the Examiner enter this response and reconsider the application, as follows.

**Amendments to the Claims** begin on page 2 of this paper.
**Remarks/Arguments** begin on page 7 of this paper.

EXPEDITED PROCEDURE
PATENT
Appl. No. 13/632,771
Docket No. 1999P01960US06
Response to Final Action of January 10, 2019
Customer No. 24737

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of Claims:**

Claims 1 - 19 (Canceled)

20. (Currently Amended) A method for interactive exercise monitoring, the method comprising the steps of:

   downloading a computer application program directly from a remote server over the internet to a non-transitory computer readable medium within a web-enabled, wireless mobile device, wherein the downloaded computer application program comprises a user-selected, interactive application program for measurement an exercise parameter and an interactive user interface, the interactive application program (i) being selectable from among a variety of application programs of varying complexity and (ii) for which significant application functionality, memory and processing capabilities are provided for via a back-end server compared to application functionality, memory and processing capabilities of the web-enabled wireless mobile device;

   monitoring and receiving data at the web-enabled, wireless mobile device indicating a physiologic status of a subject, the monitoring using the downloaded computer application program;

   monitoring and receiving data at the web-enabled, wireless mobile device indicating an amount of exercise performed by the subject, the monitoring using the downloaded computer application program;

   wherein at least one of the data indicating a physiologic status of a subject or the data indicating an amount of exercise performed by the subject is received at the web-enabled, wireless mobile device by transmitting, using the downloaded computer application program and the interactive user interface, exercise-related information from

EXPEDITED PROCEDURE
PATENT
Appl. No. 13/632,771
Docket No. 1999P01960US06
Response to Final Action of January 10, 2019
Customer No. 24737

a device configured to provide exercise-related information to the web-enabled wireless mobile device, and wherein the data indicating a physiologic status of a subject is received at least partially while the subject is exercising; and

    using the downloaded computer application program, displaying an indication of the data indicating an amount of exercise performed, or the data indicating a physiologic status of a subject, or both, on a user interface, of the web-enabled, wireless mobile device, enhanced via the interactive user interface.

21. (Previously Presented) The method of claim 20, wherein the device to provide exercise-related information includes an integral physiological sensor, and wherein the receiving data indicating a physiologic status of a subject includes receiving data from the physiological sensor.

22. (Previously Presented) The method of claim 20, where the device to provide exercise-related information includes an integral accelerometer, and wherein the receiving data indicating an amount of exercise performed by the subject includes receiving data from the accelerometer.

23. (Previously Presented) The method of claim 20, wherein the web-enabled wireless mobile device is configured to receive the exercise-related information over a transmission medium, the transmission medium including a wired connection or a wireless connection.

24. (Previously Presented) The method of claim 23, wherein the transmission medium is wireless, and wherein the wireless connection includes a radio frequency communication protocol including a short-range wireless transmission scheme.

EXPEDITED PROCEDURE
PATENT
Appl. No. 13/632,771
Docket No. 1999P01960US06
Response to Final Action of January 10, 2019
Customer No. 24737

25. (Previously Presented) The method of claim 24, wherein the short-range wireless transmission scheme includes IEEE 802.11 protocol or short-wavelength radio transmission in the ISM band of 2400-2480 MHz.

26. (Previously Presented) The method of claim 23, wherein the transmission medium is a direct or wired connection, and wherein the wired connection includes a USB connection, a cable, or a docking station.

27. (Previously Presented) The method of claim 20, wherein the device to provide exercise-related information is a physiological sensor integral or external to the web-enabled wireless mobile device, and wherein the receiving data indicating a physiologic status of a subject includes receiving data from the physiological sensor.

28. (Previously Presented) The method of claim 20, where the device to provide exercise-related information is an accelerometer integral or external to the web-enabled wireless mobile device, and wherein the receiving data indicating an amount of exercise performed by the subject includes receiving data from the accelerometer.

29. (Previously Presented) The method of claim 20, wherein the data indicating an amount of exercise performed is received from a GPS device integral or external to the web-enabled wireless mobile device.

30. (Previously Presented) The method of claim 20, wherein the web-enabled wireless mobile device is configured to be carried on the person and includes a keypad, touch screen, or voice processing technology for receiving user input.

31. (Previously Presented) The method of claim 20, wherein the web-enabled, wireless

EXPEDITED PROCEDURE
PATENT
Appl. No. 13/632,771
Docket No. 1999P01960US06
Response to Final Action of January 10, 2019
Customer No. 24737

mobile device is in signal communication with an internet server, and wherein the non-transitory computer application program, further contains instructions causing the web-enabled wireless mobile device to send the exercise related information to the internet server.

32. (Previously Presented) The method of claim 20, further comprising another non-transitory computer application program physically residing on a computer-readable medium located on one or more remote servers, wherein the computer application program on the web-enabled, wireless mobile device is downloadable directly from the one or more remote servers; the downloadable non-transitory computer application program containing instructions causing the wireless mobile device to perform the steps of receiving data and displaying an indication, whereby the another non-transitory computer application program on the one or more remote servers can serve as a source for downloads of the downloadable non-transitory computer application program.

33. (Canceled)

34. (Canceled)

35. (Canceled)

36. (Canceled)

37. (Currently Amended) A method for interactive exercise monitoring, the method comprising the steps of:
	downloading a computer application program directly from a remote server over the internet to a non-transitory computer readable medium within a wireless mobile

EXPEDITED PROCEDURE
PATENT
Appl. No. 13/632,771
Docket No. 1999P01960US06
Response to Final Action of January 10, 2019
Customer No. 24737

<u>device, wherein the downloaded computer application program comprises a user-selected, interactive application program for measurement an exercise parameter and an interactive user interface, the interactive application program (i) being selectable from among a variety of application programs of varying complexity and (ii) for which significant application functionality, memory and processing capabilities are provided for via a back-end server compared to application functionality, memory and processing capabilities of the wireless mobile device</u>;

    monitoring and receiving data at the wireless mobile device indicating a physiologic status of a subject, the monitoring using the downloaded computer application program;

    monitoring and receiving data at the wireless mobile device indicating an amount of exercise performed by the subject, the monitoring using the downloaded computer application program;

    wherein at least one of the data indicating a physiologic status of a subject or the data indicating an amount of exercise performed by the subject is determined by a sensor within the wireless mobile device which measures exercise-related information, and wherein the data indicating a physiologic status of a subject is received at least partially while the subject is exercising; and

    using the downloaded computer application program, displaying an indication of the data indicating an amount of exercise performed, or the data indicating an amount of exercise performed by the subject, or both, on a user interface of the wireless mobile device<u>, enhanced via the interactive user interface</u>.

38. (Canceled)

EXPEDITED PROCEDURE
PATENT
Appl. No. 13/632,771
Docket No. 1999P01960US06
Response to Final Action of January 10, 2019
Customer No. 24737

## REMARKS

Applicant submits that this Amendment After Final Rejection places this application in condition for allowance by amending claims in manners that are believed to render all pending claims allowable over the cited art and/or at least place this application in better form for appeal. This Amendment is necessary to clarify certain claim limitations and was not earlier presented because Applicant believed that the prior response(s) placed this application in condition for allowance, for at least the reasons discussed in those responses. Accordingly, entry of the present Amendment, as an earnest attempt to advance prosecution and/or to reduce the number of issues, is requested under 37 C.F.R. §1.116.

In the event that the Office declines to enter the present Amendment, and (i) any portion of the present Amendment would place some of the claims in better form for appeal if a separate paper were filed containing only such amendments or (ii) any proposed amendment to any claim would render that claim allowable, Applicant respectfully requests that the Office inform Applicant of the same pursuant to MPEP §714.13.

By this response, claims 20 and 37 have been amended. Claims 1-19, 33-36 and 38 were previously canceled. Claims 20-32 and 37 remain in this application. This application has been carefully considered in connection with the Office Action. Reconsideration, withdrawal of the Final Action, and allowance of the application are respectfully requested.

### Rejection under 35 U.S.C. §103

**Claims 20-32 and 37** stand rejected under 35 U.S.C. §103(a) as allegedly being unpatentable over Lindberg et al. (US 7,069,552 B2; hereinafter "**Lindberg**") in view of Mault (US 6,790,178; hereinafter "**Mault**"). With respect to claim 1, applicant respectfully traverses this rejection on the grounds that the **Lindberg** and **Mault** references are

EXPEDITED PROCEDURE
PATENT
Appl. No. 13/632,771
Docket No. 1999P01960US06
Response to Final Action of January 10, 2019
Customer No. 24737

defective in establishing a *prima facie* case of obviousness.

Independent claim 20, as amended for clarification, now more clearly recites a method for interactive exercise monitoring that comprises *inter alia* "**downloading** a computer application program *directly* from a remote server ... [*that*] comprises a *user-selected*, *interactive* application program for measurement an exercise parameter *and* an *interactive user interface*, the *interactive* application program (i) being **selectable** from among a variety of application programs of varying complexity *and* (ii) for which *significant* application functionality, memory and processing capabilities are provided for *via* a **back-end server** *compared to* application functionality, memory and processing *capabilities* of the **web-enabled wireless mobile device** ... " (*emphasis added*).

Support for the limitations of claim 20 can be found in, or reasonably inferred from, the specification as originally filed, at least in paragraphs [0010] "*full **back-end server** functionality*"; [0011] "*providing a full-feature health-monitoring system that may wirelessly connect to a **back-end server** application via the internet. The invention allows wireless access **to** and **from** a wide variety of present ... health-related instruments and devices*"; [0015]; [0017] "*collecting health-related data and providing information in response to those data by means of a [wireless-web device] WWD designed to display interactive information through a connection to the Internet*"; [0019] "*a **variety** of application programs (or "Apps") specifically designed for various brands of mobile phones can be downloaded from the internet*"; [0020] "*distribution of third-party applications via downloaded distribution from sources known as App Stores ... [t]hus ... an App for monitoring exercise may be downloaded ... from an Internet server*"; [0026] "*In particular, the relatively small amount of memory ... provided on a **WWD** as compared to a **back-end server** severely limits the functionality of applications running on the WWD, especially in terms of computing capacity, processing power, and user*

Appl. No. 13/632,771
Response to Final Action of January 10, 2019

EXPEDITED PROCEDURE
PATENT
Docket No. 1999P01960US06
Customer No. 24737

*interface. By providing significant application functionality on the **back-end**, less memory and processing capabilities become necessary on the WWD .... Thus, memory may be used in the WWD for **an enhanced user interface** ...*"; and [0027] "*the **user** connects to a specific Internet site and a software program, resident on a remote server located on the Internet, downloads [(i)] an **interactive user interface** ... and [(ii)] an application for the measurement of an exercise parameter ... [The] software algorithm or application ... may be of **varying complexity**, from a simple program that merely acknowledges receipt of information to an artificial intelligence algorithm, such as an expert system, collaborative filtering system, rules based system, case-based reasoning system, or other such artificial intelligence application.*"

Applicant submits that neither **Lindberg** nor **Mault** discloses at least the aforementioned specific feature limitation of independent claim 1. In particular, it is submitted that the primary citation to **Lindberg** does not disclose the claimed user-selected, interactive application program ... selectable from among a variety of application programs of varying complexity. It is further submitted that the secondary citation to **Mault** does not remedy the deficiency in the primary citation to **Lindberg**. Accordingly, without conceding the propriety of the asserted combination, the asserted combination of **Lindberg** and **Mault** is likewise deficient, even in view of the knowledge of one of ordinary skill in the art.

The primary citation to **Lindberg** relates to "a method for *providing software* to an implantable medical device system, including an ***implanted medical device*** and a ***presentation unit*** in communication with each other, a *most current version* of software *for operating* one or more of these *system units* is stored at a ***server*** which is remote from the implanted medical device system. *Upon each start-up* of the ***presentation unit***, a communication link is established between the server and the presentation unit,

Appl. No. 13/632,771
Response to Final Action of January 10, 2019

EXPEDITED PROCEDURE
PATENT
Docket No. 1999P01960US06
Customer No. 24737

and *information* is *provided from* the **presentation unit** *to* the **server** *identifying* the *software* which is respectively *currently stored* in one or more of the system units. The **server** determines whether the *currently stored software* in the system units requires an **update** and, *if so*, the **server** *downloads* the *software version* stored at the server to any of the *system units* which is/are *in need of* **updated** *software*." (*Emphasis added*, see Lindberg, Abstract). In one embodiment, **Lindberg** discloses that "for an implantable medical device system which is in use for any significant length of time ... [*t*]his means that the *software currently stored* in the components of the implantable medical device system ***must be** replaced*." (Emphasis added, see Lindberg, col. 1, lines 25-29). **Lindberg** further discloses "*Every time* the **presentation unit** is activated, a communication with the **server** can be established and *whatever software* is stored at the **server** for designated task *will* then *be automatically downloaded* to the **presentation unit** for use by the presentation unit *in conducting* the *current procedure*. Since the **server** will always contain the *most recent version* of the operating *software*, it is insured that the programmer [*i.e., the presentation unit*] will *always operate* with this most *recent version*. ... [*T*]he **server** *identifies* all relevant *information regarding the* **presentation unit**, such as its model number, the type of user (i.e.: patient or physician or nurse), time and date of last use, etc. *Based on* this *information* [*i.e., the information regarding the presentation unit*], the *most appropriate* software is *downloaded* to the **presentation unit**." (Emphasis added, see Lindberg, col. 2, lines 43-58).

In other words, the method of providing software of **Lindberg** requires *replacement* of *current software* in a **presentation unit** (i.e., it *must be replaced*) to ensure that the programmer [*i.e., the presentation unit*] will *always operate* with this most *recent version*. (Emphasis added, see Lindberg, Abstract; col. 1, lines 25-29; and col. 2, lines 43-58). However, it is also respectfully submitted that the method and system of the primary citation to **Lindberg**, cannot reasonably be interpreted to disclose

Appl. No. 13/632,771
Response to Final Action of January 10, 2019

EXPEDITED PROCEDURE
PATENT
Docket No. 1999P01960US06
Customer No. 24737

"***downloading*** a computer application program *directly* from a remote server ... [*that*] comprises a *user-selected*, *interactive* application program for measurement an exercise parameter *and* an *interactive user interface*, the *interactive* application program (i) being ***selectable*** from among a variety of application programs of varying complexity *and* (ii) for which *significant* application functionality, memory and processing capabilities are provided for *via* a ***back-end server*** *compared to* application functionality, memory and processing capabilities of the ***web-enabled wireless mobile device*** ... " (*emphasis added*) as is explicitly recited in claim 20. For at least this reason, the rejection should be withdrawn.

The secondary citation to **Mault** relates to a physiological monitor and associated computation, display, and communication unit and is cited for its alleged disclosure of a downloaded program for monitoring exercise. (Office Action, pages 5-6). Applicant submits that **Mault** does not add anything that would remedy the aforementioned deficiency in **Lindberg**. For at least this reason, the rejection should be withdrawn.

Accordingly, favorable reconsideration and withdrawal of the rejection of claim 20 under 35 U.S.C. §103(a) are respectfully requested. Claims 21-32 depend from and further limit independent claim 20 and therefore are allowable as well. Accordingly, the 35 U.S.C. §103(a) rejection thereof has now been overcome.

Independent claim 37 has been amended to contain limitations similar to those in amended independent claim 20. For similar reasons as presented herein above for overcoming the rejection of claim 20, claim 37 is also believed allowable. Withdrawal of the rejection is requested.

EXPEDITED PROCEDURE
PATENT
Appl. No. 13/632,771
Docket No. 1999P01960US06
Response to Final Action of January 10, 2019
Customer No. 24737

## Conclusion

Except as indicated herein, the claims were not amended in order to address issues of patentability and Applicants respectfully reserve all rights they may have under the Doctrine of Equivalents. Applicants furthermore reserve their right to reintroduce subject matter deleted herein at a later time during the prosecution of this application or a continuation application. In addition, the Office Action contains a number of statements characterizing the claims, the specification, and the prior art. Regardless of whether such statements are addressed by Applicant, Applicant refuses to subscribe to any of these statements, unless expressly indicated by the Applicant.

The matters identified in the Office Action of January 10, 2019 are now believed resolved. Accordingly, the application is believed to be in proper condition for allowance. Issuance of an early formal notice of allowance of claims 20-32 and 37 are requested.

Respectfully submitted,

By:   /Michael J. Balconi-Lamica/

Michael J. Balconi-Lamica
Registration No. 34,291
for Eric Halsne, Reg. No. 46,753

Dated:_____March 6, 2019_____
Philips Intellectual Property & Standards
465 Columbus Avenue
Suite 340
Valhalla, NY 10595
Telephone: 425-487-7489
Facsimile: 914-495-9540
File: 1999P01960US06

a-32658.01427