# EXHIBIT H



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/211,033 | 09/15/2008 | Roger J. Quy | 00125/002005 | 7693 |

27774        7590        05/04/2009
MAYER & WILLIAMS PC
251 NORTH AVENUE WEST
2ND FLOOR
WESTFIELD, NJ 07090

| EXAMINER |
|---|
| ASTORINO, MICHAEL C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3769 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/04/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 12/211,033 | QUY, ROGER J. |
| | Examiner | Art Unit |
| | Michael C. Astorino | 3769 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>15 September 2008</u>.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-12</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-12</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☒ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 12/211,033 Page 2
Art Unit: 3769

## DETAILED ACTION

### *Specification*

The abstract of the disclosure is objected to because the abstract should be generally limited to a single paragraph on a separate sheet within the range of **50 to 150 words**. Correction is required. See MPEP § 608.01(b).

### *Double Patenting*

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington,* 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

Claims *1-12* are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over *claims 3-6, and 33-43* of U.S. Patent No. ***6,602,191.***

Application/Control Number: 12/211,033                                                                                          Page 3
Art Unit: 3769

Although the conflicting claims are not identical, they are not patentably distinct from each other because it would have been obvious to one of ordinary skill in the art at the time of the invention to implement the method of the patent in the manner set forth in the instant application since the claims of the instant application are merely different renditions of the patented method and computer readable medium.

The Applicant is invited to explain, to make the record clear, reasons that the double patenting rejection does not apply.

### *Claim Rejections - 35 USC § 112*

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

**Claims 1-12 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.**

The examiner cannot discern based on the specification the distinction between physiological data and exercise data. In fact, often times the two overlap. For example, heart rate could be "physiological data" and "exercise data". The broadest reasonable limitation of both terms cannot be discerned and as such the terms are indefinite.

The Applicant is invited to explain, to make the record clear, reasons that the rejection under 35 U.S.C. 112, second paragraph does not apply.

Application/Control Number: 12/211,033                                                                                          Page 4
Art Unit: 3769

## *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

**Claims 1-12 are rejected under 35 U.S.C. 102(b) as being anticipated by Brown US Patent Number 5,997,476.**

Brown teaches the use of a remote apparatus (26/28) with a communication network (24, Internet) workstation (20) to remotely monitor a patient/user, (figure 1). The remote apparatus is disclosed as being on a cellular/wireless network, i.e. a cellular/wireless phone (column 4, lines 36-63). The remote apparatus includes many different types of monitoring devices including weight scales and heart rate/pulse rate (column 5, lines 3-6) with an RS-232 connection (column 6, lines 44-46). Brown's remote apparatus further includes a keyboard/buttons to input data regarding how people feel (see fig. 7).

**The Applicant is invited to request an interview to discuss suggestions to overcome the applied prior art.**

Application/Control Number: 12/211,033                                                                 Page 5
Art Unit: 3769

## *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Michael C. Astorino whose telephone number is (571)272-4723. The examiner can normally be reached on Monday-Friday, 8:30AM to 3:30PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Henry Johnson can be reached on 571-272-4726. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/Michael C. Astorino/
Primary Examiner, Art Unit 3769

May 3, 2009