# EXHIBIT K

Serial No.: 12/211,033

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:       Roger J. Quy

Serial No.:      12/211,033

Filed:           09/15/2008

Title:           METHOD AND APPARATUS FOR HEALTH AND DISEASE MANAGEMENT COMBINING PATIENT DATA MONITORING WITH WIRELESS INTERNET CONNECTIVITY

Art Unit:        3769

Examiner:        Michael C. Astorino

Confirmation No.: 7693

Docket No.:      00125/002005

**Via EFS Web**

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT AND RESPONSE TO OFFICE ACTION

Sir:

In response to the Office Action mailed December 29, 2009, kindly amend the above-identified application as follows:

| **Certificate of Electronic Filing Under 37 C.F.R. §1.8** |
|---|
| I certify that this correspondence and any document reference herein is being electronically deposited with the USPTO via EFS-Web on March 16, 2010. |
| Michelle Wolf<br>(Printed Name of Person Mailing Correspondence) |
| /michelle wolf/<br>(Signature) |

1

Serial No.: 12/211,033

**Amendments to the Claims:**

1.   (Currently Amended) A method for interactive exercise monitoring, the method comprising the steps of:

a.   coupling a web-enabled wireless phone to a device which provides exercise-related information;

b.   rendering a user interface on the web-enabled wireless phone;

c.   receiving data ~~exercise-related information in the web-enabled wireless phone, wherein the exercise-related information includes~~ indicating a physiological ~~data~~ status of a subject;

d.   receiving and data ~~data~~ indicating an amount of exercise performed by the subject;~~, and~~

e.   wherein at least one of the data ~~physiological data and the data~~ indicating a physiologic status of a subject or the data indicating an amount of exercise performed by the subject is received from the device which provides exercise-related information, and wherein the data indicating a physiologic status of a subject is received at least partially while the subject is exercising;

f.   sending the exercise-related information to an internet server via a wireless network;

g.   receiving a calculated response from ~~a~~ the server, the response associated with a calculation performed by the server based on the exercise-related information; and

h.   running an application in the web-enabled wireless phone for receiving the exercise-related information and displaying the response.

2. (Currently Amended) The method of claim 1, where~~in~~ the receiving data indicating a physiologic status of a subject ~~exercise-related information including physiological data~~ includes receiving data from a physiological sensor coupled to ~~monitoring device or from~~ an exercise machine.

3. (Currently Amended) The method of claim 1, where the receiving ~~exercise-related information including~~ data indicating an amount of exercise performed by the subject includes receiving data from an exercise machine ~~or from a physiological monitoring device~~.

2

Serial No.: 12/211,033

4. (Previously Presented)  The method of claim 1, wherein the web-enabled wireless phone receives exercise-related information over a transmission medium, the transmission medium including a wired connection or a wireless connection.

5. (Canceled)

6. (Original)  The method of claim 1, wherein the web-enabled wireless phone receives data via an adapter to convert a signal from the device to a suitable input for the wireless phone.

7. (Currently Amended) The method of claim 1, where~~in~~ the <u>data indicating an amount of exercise performed is received from a</u> device ~~which provides exercise-related information is~~ selected from the group consisting of: ~~an electronic body weight scale, a body fat gauge, a~~ pedometer, ~~a biofeedback device,~~ a treadmill, a stepper, an exercise cycle, an accelerometer, a rowing machine, physiotherapy equipment, an aerobic or anaerobic exercise device, ~~a temperature monitor, a heart rate monitor, a blood pressure monitor, a respiratory monitor,~~ and a device that monitors an amount of work or rate of work performed.

8. (Currently Amended)  A computer-readable medium, containing<u> an application</u> ~~instructions~~ for performing an interactive method of exercise monitoring, <u>the application physically residing on a server,</u> the method comprising the steps of:
a.    receiving exercise-related information from a web-enabled wireless phone, wherein the exercise-related information includes <u>data indicating a</u> physiologic~~al data~~ <u>status of a subject</u> and data ~~data~~ indicating an amount of exercise performed <u>by the subject, and wherein the data indicating a physiologic status of a subject is received at least partially while the subject is exercising</u>;
b.    calculating a response based on the exercise-related information;
c.    transmitting the calculated response to the web-enabled wireless phone.

9. (Currently Amended) The medium of claim 8, wherein the method further comprises:
a. enabling the web-enabled wireless phone to receive exercise-related information from a device; and
b. transmitting to the web-enabled wireless phone ~~an~~ <u>device</u> application including a user interface on which the calculated response may be rendered.

3

Serial No.: 12/211,033

10. (Previously Presented) The medium of claim 8, wherein the calculating a response includes calculating a response to assist a person in monitoring calorie expenditure, losing weight, or maintaining a healthy lifestyle.

11. (Previously Presented) The medium of claim 8, wherein the instructions further cause the web-enabled wireless phone to receive the exercise-related information via an adapter, the adapter to convert a received data signal to a suitable input for the web-enabled wireless phone.

12. (Currently Amended) The medium of claim 8, wherein the <u>data indicating an amount of exercise performed by the subject</u> ~~exercise-related information~~ is received from a ~~physiological monitoring~~ device which is selected from the group consisting of: ~~an electronic body weight scale, a body fat gauge,~~ a pedometer, ~~a biofeedback device,~~ a treadmill, a stepper, an exercise cycle, an accelerometer, a rowing machine, physiotherapy equipment, an aerobic or anaerobic exercise device, ~~a temperature monitor, a heart rate monitor, a blood pressure monitor, a respiratory monitor,~~ and a device that monitors an amount of work or rate of work performed.

13. (Previously Presented) The medium of claim 8, wherein the receiving exercise-related information includes receiving exercise-related information over a wireless or a wired connection.

14. (Currently Amended) A web-enabled wireless phone, containing a computer-readable medium, <u>the computer-readable medium comprising memory within a web-enabled wireless phone,</u> the computer-readable medium comprising instructions for causing a processor in the web-enabled wireless phone to perform the method of claim 1.

15. (Currently Amended) A computer-readable medium~~-~~, <u>the computer-readable medium comprising memory within a web-enabled wireless phone, the computer-readable medium</u> containing instructions for causing a processor in a web-enabled wireless phone to perform the method of claim 1.

16. (Previously Presented) The method of claim 1, further comprising downloading the application to the web-enabled wireless phone from a server.

4

Serial No.: 12/211,033

17. (Currently Amended)  The method of claim 4, wherein the wireless connection includes an infrared connection or a radio frequency communication protocol including <u>a short-range wireless transmission scheme</u> ~~Bluetooth® or 802.11~~.

18. (Previously Presented)  The method of claim 4, wherein the wired connection includes a USB connection, a cable, or a docking station.

19. (New)  The method of claim 17, wherein the short-range wireless transmission scheme includes 802.11 or 802.15.

20. (New) The method of claim 1, wherein the data indicating a physiologic status of a subject is received from a device selected from the group consisting of: a heart rate monitor, a blood pressure monitor, a body temperature monitor, a respiratory monitor, a biofeedback device, an electronic body weight scale, and a body fat gauge.

21. (New) The medium of claim 8, wherein the data indicating a physiologic status of a subject is received from a device which is selected from the group consisting of: a heart rate monitor, a blood pressure monitor, a body temperature monitor, a respiratory monitor, a biofeedback device, an electronic body weight scale, and a body fat gauge.

Serial No.: 12/211,033

# REMARKS

Claims 1-18 were pending in this application. Claims 1-3, 7-9, 12, 14, 15, and 17 have been amended, claim 5 has been cancelled, and claims 19-21 have been added. Support for these amendments is described below. Reconsideration and allowance of all pending claims are respectfully requested.

**Interview**

Applicant would first like to thank the Examiner for the courtesy of an interview conducted March 8, 2010. The amendments to the claims were discussed, particularly the distinction between physiologic data and data indicating an amount of exercise performed, and the Examiner noted that Applicant's suggested claim amendments would further clarify what Applicant regards as the invention, obviating the definiteness rejections. The corresponding amendments are found in the independent claims, as well as in dependent claims 7 and 12. Dependent claim 17 was also discussed, and an amendment has been made (and new claim 19 added) to address the rejection. In the discussion of the prior art, Applicant noted how Brown failed to disclose a system and method where data indicating a physiologic status of a subject is received while the subject is exercising, and the Examiner indicated that this would likely be a patentable distinction, and that the same would also likely overcome the double-patenting rejection. The Examiner noted the importance for such amendments that the same be supported by the original disclosure. Additional specific discussions are referenced in the remarks below.

Applicant has made the claim amendments noted, and further pointed out where the same are based on the original disclosure. Consequently, Applicant submits that all the claims are currently in condition for allowance.

**Objection to the Information Disclosure Statement**

In the current Office Action, the Examiner states that the information disclosure statement filed May 11, 2009 fails to comply with 37 CFR 1.98(a)(2), which requires a legible copy of each cited foreign patent document; each non-patent literature publication or that portion which caused it to be listed; and all other information or that portion which caused it to be listed. It has been placed in the application file, but the information referred to therein has not been considered.

6

Serial No.: 12/211,033

The Examiner's direction is brought to the transmittal letter which was filed along with the Information Disclosure Statement on May 11, 2009 wherein Applicant noted that all of the references cited therein (for which a copy was not provided) were filed in one of the following four parent applications:  *11/649,703, 10/418,845, 09/738,270, 11/184,274*.  For this reason, copies of the non-US and NPL references were not required.  The Examiner is therefore requested to consider the Information Disclosure Statement filed May 11, 2009.

**Objection due to informalities**

Claim 15 is objected to because in line 1 there is an extra space between "medium" and the comma. The examiner suggestion removing the extra character space from the claim to read, e.g. "medium,".   This informality has been obviated by amendment.

**Rejection under 35 U.S.C. 101**

Claims 8-15 are rejected under 35 U.S.C. 101 because the claims recite a computer readable medium, and the phrase "computer readable medium" was allegedly never explicitly defined in the specification.  This subject was discussed in the interview, and the Examiner noted the letter issued by the Director on January 26, 2010, regarding "Subject Matter Eligibility of Computer-Readable Media".  Applicant has amended the claims to more specifically recite and define the claimed computer-readable media.  These amendments find support in the originally-filed specification as follows.  The amendment to claim 8 finds support at, at least, paragraphs [0026] and [0062], which discusses a software program physically resident on a server.  The amendments to claims 14 and 15 find support at, at least, paragraph [0025], which discusses the use of memory for storage of applications within a wireless web device.

**Rejections under 35 U.S.C. 112, second paragraph**

Claims 1-18 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which Applicant regards as the invention.

Applicant has made further amendments to clarify the distinction between the two types of data, data indicating a physiologic status of a subject and data indicating an amount of exercise performed by the subject, as well as clarifying that the data indicating a physiologic status of a subject is received at least partially while the subject is exercising.  The data indicating a physiologic status of a subject is exemplified in new dependent claims 20 and 21,

7

Serial No.: 12/211,033

and data indicating an amount of exercise performed by the subject is exemplified in amended dependent claims 7 and 12.  By way of support, Applicant notes that plural types of data are noted in several locations, e.g., paragraphs [0013] ("Various health parameters… may be entered into a health monitoring device…"), [0016] ("…the system may be employed to monitor the physiologic status of a healthy subject while eating, exercising…", emphasis added), [0063] ("In a highly interactive embodiment, a patient may have numerous HMDs 11 connected via optional adaptors to a WWD 12, and wireless application 70 may correspondingly send a large amount of health data to server application 62.")[1], and [0075] ("Referring to FIG. 6, an example is given for a system of health, nutrition, and/or exercise management.", emphasis added).

Regarding other second paragraph rejections, an amendment to claim 17 removes the offending Bluetooth® term, the amendment finding support in paragraph [0052], and Bluetooth® per se is replaced by 802.15, which is the protocol associated with the Bluetooth® specification.  In addition, Applicant has amended claim 2, this amendment finding support in paragraph [0076].

Applicant submits that the above claim amendments better clarify what he regards as the invention, and respectfully requests that the 35 U.S.C. §112 ¶2 rejections of these claims be withdrawn.

**Rejection under 35 U.S.C. 102(b)**

Claims 1-18 are rejected under 35 U.S.C. 102(b) as being anticipated by Brown US Patent Number 5,997,476.  This rejection is traversed with respect to the amended claims as follows, this traversal tracking the arguments Applicant made in the interview.

Applicant first submits that the Brown reference is deficient as an anticipatory reference because the same fails to disclose monitoring exercise data.  While Brown discloses that the reference is broader than just medical monitoring (4:23-35), the reference never discloses any use of the device in the exercise field.  Applicant next submits that while the Brown reference discloses receiving data from more than one health monitor (device jacks 68A-C), it fails to disclose receiving data indicating a physiologic status of a subject at least partially while the subject is exercising (and where data indicating an amount of exercise performed by the subject is also being received).   At most, Brown discloses receiving data with "*multiple device*

---

[1] Note that the teachings of the "medical" embodiment were extended to the "exercise" embodiment in paragraph [0081].

8

Serial No.: 12/211,033

*interfaces to accommodate monitoring devices which have different connection standards.*" (6:47-50).

In fact, Applicant submits that even if systems were developed that modeled exercise data in a better way based on physiologic data, the same would require additional data inputs, e.g., type of exercise performed, that Brown fails to disclose.

For at least these reasons, Applicant submits that the claims are not anticipated by Brown, and further respectfully requests that the 35 U.S.C. §102 rejections of these claims be withdrawn.

**Nonstatutory Double Patenting Rejection**

Claims 1-12 are rejected under the judicially created doctrine of obviousness-type double patenting as being allegedly unpatentable over claims 3-6, and 33-43 of U.S. Patent No. 6,602,191. In particular, the Examiner states that although the conflicting claims are not identical, they are not patentably distinct from each other because it would have been allegedly obvious to one of ordinary skill in the art at the time of the invention to implement the method of the patent in the manner set forth in the instant application since the claims of the instant application are allegedly merely different renditions of the patented method and computer readable medium.

This rejection is traversed with respect to the amended claims as follows, this traversal again tracking the arguments Applicant made in the interview. Applicant submits that the current claims are nonobvious over the claims noted for many of the same reasons they distinguish from Brown. In particular, the claims noted fail to disclose receiving data indicating a physiologic status of a subject at least partially while the subject is exercising (and where data indicating an amount of exercise performed by the subject is also being received).

For at least these reasons, Applicant submits that the claims are not obvious over the noted claims of U.S. Patent No. 6,602,191, and further respectfully requests that the double-patenting rejections of these claims be withdrawn.

**Conclusion**

Should the Examiner be of the view that an interview would expedite consideration of the application, request is made that the Examiner telephone the Applicants' attorney at (619) 818-4615 in order that any outstanding issues be resolved.

9

Serial No.: 12/211,033

    Authorization is given to charge deposit account 50-1047 in the amount of $110.00 in additional claims fees Applicant believes is due as the application now has 20 claims, including 4 independent claims.   Any deficiencies may also be charged to deposit account 50-1047.

                                                                             Respectfully submitted,

| | |
|---|---|
| Date:  March 16, 2010 | /Mark Wieczorek/ |
| Attorney for Applicant | Mark D. Wieczorek |
| Mayer & Williams PC | Registration No. 37,966 |
| 251 North Avenue West, 2nd Floor | |
| Westfield, NJ 07090 | |
| Tel: 619-818-4615 | |
| Fax: 908-518-7795 | |