# EXHIBIT B

**THE FEDERAL CIRCUIT BAR ASSOCIATION**

**MODEL PATENT JURY INSTRUCTIONS**

Last Edited: May 2020

© Federal Circuit Bar Association 2020

**B.3    Infringement**

**3.1b    DIRECT INFRINGEMENT BY "LITERAL INFRINGEMENT" OF SECTION 112, PARAGRAPH 6/f CLAIM REQUIREMENTS**

[This instruction should only be given where the asserted claims include means-plus-function or step-plus-function requirements.]

Where claims include means/step-plus-function requirements:

As I have previously explained, claims [ ] include requirements that are in [means/step-plus-function] form.

A product or a process meets a means/step-plus-function requirement of a claim if: (1) it includes [a structure or a set of structures/an action or a set of actions] that perform(s) the identical function recited in the claim, and (2) that [structure or set of structures/action or set of actions] is either identical or "equivalent" to [one or more of] the described [set(s) of] [structure(s)/ action(s)] in the [ ] patent that I defined earlier as performing the function of [functional limitation]. If the [product] does not perform the specific function recited in the claim, the "means-plus-function" requirement is not met, and the [product] does not literally infringe the claim. Alternatively, even if the [product] has [a structure or a set of structures] that performs the function recited in the claim but the [structure or set of structures] is neither identical nor "equivalent" to [one or more of] the [set(s) of] [structure(s)/action(s)] that I defined to you as being described in the [ ] patent and performing this function, the [product] does not literally infringe the asserted claim.

[A structure or a set of structures/An action or a set of actions] may be found to be "equivalent" to [one of] [the/a] [set(s) of] [structure(s)/action(s)] I have defined as being described in the [ ] patent if a person having ordinary skill in the field of technology of the [ ] patent either would have considered the differences between them to be insubstantial at the time the [ ] patent issued or if that person would have found the [structure(s)/actions(s)] performed the function in substantially the same way to accomplish substantially the same result. In deciding whether the differences would be "insubstantial," you may consider whether a person having an ordinary level of skill in the field of technology of the patent would have known of the interchangeability of the two structures or sets of structures at the time the patent issued. The fact that [a structure or a set of structures/an act or a set of acts] is known to be "equivalent" today is not enough. The [structure or set of structures/act or set of acts] must also have been available at the time the [ ] patent issued.

[In this case, the parties have agreed that the relevant field of technology is [field of technology] and that a person having an ordinary level of skill would [qualifications].] [In this case, you will have to decide [issues regarding field of technology and level of ordinary skill in the art]. I will instruct you later how to decide this.]

In order to prove direct infringement by literal infringement of a means-plus/step-plus-function limitation, [patent holder] must prove the above requirements are met by a preponderance of the evidence.

Authorities

35 U.S.C. § 112(f); Pre-AIA 35 U.S.C. § 112, ¶ 6; *Allvoice Computing PLC v. Nuance Commc'ns, Inc.*, 504 F.3d 1236, 1240- 41 (Fed. Cir. 2007); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1315-17 (Fed. Cir. 2005); *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1333-3(Fed. Cir. 2006); *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1328 (Fed. Cir. 2003) (holding that the structure in an accused device meets a § 112, ¶ 6, limitation if the structure performs the identical function recited in the claim and is identical or equivalent to the structure in the specification corresponding to that limitation); *Al-Site Corp. v. VSI Int'l Inc.*, 174 F.3d 1308, 1320 (Fed. Cir. 1999) (holding that an equivalent structure or act under § 112 cannot embrace technology developed after the patent issued because the literal meaning of a claim is fixed upon issuance); *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1350 (Fed. Cir. 1999); *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1266-68 (Fed. Cir. 1999); *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1307-11 (Fed. Cir. 1998); *Micro Chem., Inc. v. Great Plains Chem. Co.*, 103 F.3d 1538, 1547 (Fed. Cir. 1997); *Valmont Indus., Inc. v. Reinke Mfg. Co.*, 983 F.2d 1039, 1042 (Fed. Cir. 1993).