UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC, <br><br> Plaintiff, <br><br> v. <br><br> FITBIT, INC., <br><br> Defendant. | Civil Action No. 1:19-cv-11586-IT |

**FITBIT'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY RELATING TO CLAIM CONSTRUCTION**

Defendant Fitbit, Inc. ("Fitbit") respectfully submits this motion for leave to Submit Supplemental Authority relating to Claim Construction. On September 1, 2020, Fitbit moved for leave to submit as supplemental authority Judge Birotte's Claim Construction Order in *Philips North America LLC v. Garmin Int'l, Inc.*, No. 2:19-cv-6301 (C.D. Cal.) ("the C.D. Cal. action"). (Dkt. 98.) Philips North America LLC ("Philips") responded to Fitbit's motion. (Dkt. 102.) The Court granted Fitbit's motion for leave on September 3, 2020. (Dkt. 103.)

On November 4, 2020, Philips moved in the C.D. Cal. action for entry of final judgment under Rule 54(b) with respect to Philips' allegations of infringement of U.S. Patent No. 6,013,007 ("the '007 patent"). As grounds for the motion, Philips asserted that "the Court's August 28, 2020 Claim Construction Order (Dkt. 102) found that the asserted claims of the '007 Patent are invalid for indefiniteness, resulting in the complete resolution of Philips's cause of action for infringement of the '007 Patent." Philips sought entry of final judgment to appeal the ruling and sever that cause of action from the remainder of the case.

On December 17, 2020, Judge Birotte issued an order denying Philips' motion under Rule 54(b) ("Rule 54(b) order") in the C.D. Cal. action. This Rule 54(b) order is attached as Exhibit A.

Although ultimately denying the motion, Judge Birotte observed: "The Court and parties agree that this Court's Claim Construction Order is a final judgment that can be certified for a Rule 54(b) appeal." (Rule 54(b) order, 2:27–28.) Although the parties and the Court agreed the claim construction order finding the '007 patent invalid as indefinite was final, the Court found that "practical considerations point toward requiring a final and complete resolution of this entire case before appeal," and "there is no practical reason to sever the expired '007 Patent for purposes of appeal while simultaneously proceeding with litigation relating to overlapping products and subject matter." (Rule 54(b) order, 4:2–4, 4:9–11.)

Dated: December 29, 2020

                                 FITBIT, INC.

                                 By Its Attorneys,

                                 */s/ Yar R. Chaikovsky*
Yar R. Chaikovsky
yarchaikovsky@paulhastings.com
Chad Peterman
chadpeterman@paulhastings.com
Dave Beckwith
davidbeckwith@paulhastings.com
David Okano
davidokano@paulhastings.com
Radhesh Devendran
radheshdevendran@paulhastings.com
Berkeley Fife
berkeleyfife@paulhastings.com

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:   1(650) 320-1800
Facsimile:    1(650) 320-1900

                                                                 Jennifer B. Furey (BBO # 634174)
                                                                 Andrew T. O'Connor (BBO # 664811)
                                                                 GOULSTON & STORRS PC
                                                                 400 Atlantic Avenue
                                                                 Boston, MA 02110
                                                                 Telephone: (617) 482-1776
                                                                 Facsimile: (617) 574-4112

                                                                 E-mail: jfurey@goulstonstorrs.com
                                                                 aoconnor@goulstonstorrs.com

**LOCAL RULE 7.1 CERTIFICATION**

I, Chad Peterman, counsel for Defendant Fitbit, Inc., hereby certify that Fitbit has conferred with counsel for Philips North America, LLC to resolve the issues presented in this motion, but after a good faith attempt to reach agreement, the parties did not do so.

Dated: December 29, 2020                                    By:   */s/ Chad Peterman*
                                                                                           Chad Peterman

- 3 -

## CERTIFICATE OF SERVICE

      I certify that a true copy of the above document was served on the attorney of record for each party via the Court's CM/ECF system, which will send notification of this filing (NEF) to all registered participants, and paper copies will be sent to those indicated as nonregistered participants.

Dated:  December 29, 2020          By:   */s/ Chad Peterman*
                                                                         Chad Peterman