UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>FITBIT, INC.,<br><br>            Defendant. | Civil Action No. 1:19-cv-11586-IT |

**FITBIT'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY ON FITBIT'S RULE 12(b)(6) MOTION TO DISMISS UNDER 35 U.S.C. § 101**

On December 10, 2019, Defendant Fitbit, Inc. ("Fitbit") filed a renewed Rule 12(b)(6) motion to dismiss Plaintiff Philips North Am. LLC's ("Philips") First Amended Complaint Under 35 U.S.C. § 101. (Dkt. 33, 34).[1] This Court held a hearing on Fitbit's motion on August 20, 2020.

On December 29, 2020, the Federal Circuit issued *Simio LLC v. Flexsim Software Prods. Inc.*, No. 2020-1171, -- F.3d --, 2020 WL 7703014 (Fed. Cir. 2020). (attached as Ex. A). In *Simio*, the Federal Circuit affirmed two district court rulings: (1) a grant of a Rule 12(b)(6) motion to dismiss under 35 U.S.C. § 101, and (2) a denial of a motion for leave to amend the complaint to add new factual allegations to support patent-eligibility of the claims. Fitbit now moves for leave to submit this precedential opinion as supplemental authority to its Rule 12(b)(6) motion. Good cause exists for at least the following reasons:

- In its *de novo* review of the District Court's grant of the Rule 12(b)(6) motion—while accepting "all well-pled allegations as true" and viewing those allegations "in the light most favorable to the nonmoving party"—the Federal Circuit nevertheless focused its

---

[1] Because Philips' disclaimer of the asserted claims of U.S. Patent No. 6,976,958, Fitbit's pending Rule 12(b)(6) motion (Dkt. 33, 34) is directed to the second amended complaint (Dkt. 112).

patent eligibility analysis at *Alice* step one on "what the **patent** asserts to be the focus of the claimed advance over the prior art," not the allegations in the complaint. *Simio*, 2020 WL 7703014, at *3–4 (emphasis added).

- For *Alice* step two, the Federal Circuit rejected the argument that a proposed amended complaint's "new allegations were sufficient to preclude dismissal for ineligibility," affirming the District Court's "futility-based denial" of a motion for leave to amend. *Id.*, at *8. The amended complaint spanned more than 100 paragraphs focused on a single patent, including an "illustrative" allegation that the Federal Circuit reproduced in its entirety:

    > [T]he claimed executable process improves the functioning and operations of the computer, itself, as the creation and modification of a simulation objects, and the addition of new behaviors to object instances, can be done more efficiently and without the need for software programming. In addition, the claimed system requires less programming in operation and results in faster processing speed. . . .

    *Id.* at *8–9 (excerpted). First, the Federal Circuit reiterated that conclusory allegations must be "disregard[ed]." *Id.* at *9. Then, in instructing why "illustrative" allegations like the above can be disregarded and do not prevent resolution of the § 101 inquiry as a matter of law, the Federal Circuit explained: "[a] statement that a [claimed] feature 'improves the functioning and operations of the computer' is, by itself, conclusory." *Id.* Further, allegations relating to "improved speed or efficiency inherent with applying the abstract idea on a computer" are insufficient as a matter of law. *Id.* (citing *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1364 (Fed. Cir. 2020).

Dated: January 15, 2021

                                          FITBIT, INC.

                                        By Its Attorneys,

                                        */s/ Yar R. Chaikovsky*
                                        Yar R. Chaikovsky
                                        yarchaikovsky@paulhastings.com
                                        Chad Peterman
                                        chadpeterman@paulhastings.com
                                        Dave Beckwith
                                        davidbeckwith@paulhastings.com
                                        David Okano
                                        davidokano@paulhastings.com
                                        Radhesh Devendran
                                        radheshdevendran@paulhastings.com
                                        Berkeley Fife
                                        berkeleyfife@paulhastings.com

                                        PAUL HASTINGS LLP
                                        1117 S. California Avenue
                                        Palo Alto, California  94304-1106
                                        Telephone:    1(650) 320-1800
                                        Facsimile:     1(650) 320-1900

                                        Jennifer B. Furey (BBO # 634174)
                                        Andrew T. O'Connor (BBO # 664811)
                                        GOULSTON & STORRS PC
                                        400 Atlantic Avenue
                                        Boston, MA 02110
                                        Telephone: (617) 482-1776
                                        Facsimile: (617) 574-4112

                                        E-mail: jfurey@goulstonstorrs.com
                                        aoconnor@goulstonstorrs.com

**LOCAL RULE 7.1 CERTIFICATION**

I, Chad Peterman, counsel for Defendant Fitbit, Inc., hereby certify that Fitbit has conferred with counsel for Philips North America, LLC to resolve the issues presented in this motion, but after a good faith attempt to reach agreement, the parties did not do so.

Dated: January 15, 2021                          By:   */s/ Chad Peterman*
                                                                             Chad Peterman

- 3 -

## CERTIFICATE OF SERVICE

      I certify that a true copy of the above document was served on the attorney of record for each party via the Court's CM/ECF system, which will send notification of this filing (NEF) to all registered participants, and paper copies will be sent to those indicated as nonregistered participants.

Dated: January 15, 2021            By:    */s/ Yar Chaikovsky*
                                                              Yar Chaikovsky