UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC,<br><br>Plaintiff,<br><br>v.<br><br>FITBIT, INC.,<br><br>Defendant. | Civil Action No. 1:19-cv-11586-IT |

**OPPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY ON FITBIT'S RULE 12(b)(6) MOTION TO DISMISS UNDER 35 U.S.C. § 101**

Plaintiff Philips North America LLC ("Philips") respectfully submit this Opposition to Fitbit's Motion for Leave to File Supplemental Authority, (Dkt. 130), regarding the Federal Circuit decision in *Simio LLC v. Flexsim Software Prods. Inc.*, No. 2020-1171, -- F.3d --, 2020 WL 7703014 (Fed. Cir. 2020).

Contrary to Fitbit's assertion that *Simio* is relevant to the issues in the present case, the Federal Circuit's decision in *Simio* merely applies the uncontroversial proposition that when the parties agree that the claims are directed to the mere application of a preexisting "object-oriented" programming language without improvement, the step 1 analysis may be done as a matter of law, and that "conclusory allegations" that "just repackage assertions of non-abstractness" are insufficient. The claims at issue in *Simio* have no resemblance to the claims at issue in this case, and parties in this case hotly contest whether the claims are directed to the application of a preexisting operation. *See CardioNet, LLC v. InfoBionic Inc.*, 955 F.3d 1358 (Fed. Cir. 2020)(reversing because prior practice was in dispute).

As the Court noted in *Simio*, the claims were admittedly directed merely to "the decades-old computer programming practice of substituting text[-]based coding with graphical

processing." *Id.* at *2. Additionally, in *Simio*, the there was no dispute that the "practice of using graphics instead of programming to the environment of object-oriented simulations" was "widespread," while *Simio* failed to "show how claim 1 is directed to improving a computer's functionality." *Id.* at *4-5. As explained in Philips's Opposition and Sur-Reply, the claims at issue here are not comparable in any way to those at issue in *Simio*, and Philips's complaint recites significant relevant facts—not conclusory allegations—that at least put into dispute the background level of technology, Fitbit's characterization thereof, and further demonstrates myriad improvements to the art. (*See* Dkts. 36 and 51.) Indeed, at the end of the day, *Simio* reinforces the fact that a well-plead complaint that puts facts into dispute—much like Philips's complaint and the facts to be established at trial, should prevent the grant of any motion to dismiss. *See id.* at *9 ("This is therefore not a case in which a complaint's allegations 'prevent resolving the eligibility question as a matter of law'") (quoting *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018).

The Court should deny Fitbit's Motion for Leave to File Supplemental Authority as *Simio* provides no additional relevant authority for the issues in front of this Court.

Dated: January 19, 2021

PHILIPS NORTH AMERICA LLC,

By Its Attorneys,

/s/   *Eley O. Thompson*
Ruben Rodrigues (BBO 676,573)
Lucas I. Silva (BBO 673,935)
John Custer (BBO 705,258)
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199-7610
Phone: (617) 342-4000
Fax: (617) 342-4001
rrodrigues@foley.com
lsilva@foley.com
jcuster@foley.com

Eley O. Thompson (*pro hac vice*)
FOLEY & LARDNER LLP
321 N. Clark Street
Suite 2800
Chicago, IL 60654-5313
Phone: (312) 832-4359
Fax: (312) 832-4700
  ethompson@foley.com

- 3 -

- 3 -

## CERTIFICATE OF SERVICE

I certify that a true copy of the above document was served on the attorney of record for each party via the Court's CM/ECF system, which will send notification of this filing (NEF) to all registered participants, and paper copies will be sent to those indicated as nonregistered participants.

Dated:  January 19, 2021					By:	*/s/ Eley O. Thompson*
							Eley O. Thompson