UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FITBIT, INC.,<br><br>　　　　Defendant. | Civil Action No. 1:19-cv-11586-FDS |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSED EMERGENCY MOTION TO EXTEND FACT DISCOVERY AT LEAST THROUGH MARCH 5th, 2021 SO THAT THE PARTIES MAY DISCUSS FURTHER EXTENSIONS TO THE CASE SCHEDULE WITH THE COURT**

## I. INTRODUCTION

At the recent status conference on February 3, 2021, Philips raised the need for an extension to the current fact discovery cut-off of February 23, 2021 because of Fitbit's four month long refusal to allow Philips's expert to review relevant source code—a review that Fitbit finally allowed to start on February 8th and has since been hampered by technical difficulties and missing code.

Since the status conference, and per the Court's instruction that the parties meet and confer on an extension, Philips first proposed extending the fact discovery cut-off by 90 days, then two moths.  Fitbit has refused to agree to an extension of the February 23, 2021 fact-discovery cutoff.  This is so despite the fact that Fitbit itself intends to continue taking discovery from third parties after the current fact discovery cut-off date.  Indeed, one-third party witness was not served by Fitbit until February 8, 2021. *See* Exhibit A, Proof of Service to Gerald E. Helget.

While Fitbit has suggested that it would be amenable to a piecemeal extension of fact discovery whereby Philips identifies specific items that it seeks to continue discovery on past the fact-discovery cut-off, Philips views such a proposal as unworkable in view of the potential need for follow-up discovery related to its source code review, as well as the need for supplemental discovery associated with other areas on which Fitbit's production has been deficient, and on which the parties continue to meet and confer over.  While Fitbit has agreed that Philips's source code review expert may continue reviewing source code through the end of March, it has **not agreed** that it would supplement the source code production after the current fact discovery cut-off of February 23, 2021 were Philips's expert to identify further deficiencies as his review progresses.  This is simply not workable in view of the fact that Philips's expert won't be able to determine whether particular source code files are missing until he is in the middle of said review.

In light of Fitbit's refusal to agree to Philips's request that fact discovery be extended by two months, and in order to lessen the burden on the Court and the Parties, Philips suggested to Fitbit that the parties at least agree to an extension of the fact discovery cutoff through March 5th, 2021 (an extension of 10 days), which would allow the parties and the Court to discuss scheduling issues at the status conference presently set for March 1st, 2021. On February 17, 2021 Fitbit rejected that proposal, and Philips felt as though it had no option but to get this emergency request for relief on file in advance of the February 23rd fact discovery cut-off. While Philips believes a two month extension to the fact discovery cut-off is justified and reasonable under the circumstances, Philips presently seeks to simply extend the fact-discovery cut-off until March 5th, 2021 so that the parties and the Court can engage in a fulsome discussion of the case schedule on March 1st, 2021.

## II. STATEMENT OF FACTS

### A. Expert Review of Fitbit's Source Code

Philips understands that the Court has expressed a desire to avoid a "fight about this source code issue unless you think you really need to." Transcript of Status Conference at 9:24-25:1. Indeed, the history of the dispute with respect to allowing Philips's access to Fitbit's source code has been a tortured one. In an attempt to avoid delving into a blame game on the issue, Philips would prefer to focus on the simple fact that, after an extended period of time where Fitbit did not allow Philips's expert to review its source code while the parties resolved a dispute as to whether the source code review should continue, Fitbit eventually allowed the source code review to resume last week, on February 8th, 2021. *See* Exhibit B, Email Correspondence Between John Custer and David Beckwith. The period from February 8th through February 23rd is simply not enough time for Philips's expert, Dr. Ugo Buy, who is a full-time professor with teaching obligations at the University of Illinois at Chicago, to complete his review. What is

more, since February 8th, the review has encountered technical difficulties that have further delayed access to the source code by at least a full day.[1] *See* Exhibit C, Email Correspondence Between John Custer and David Beckwith.

### B. Status Conference

After Chief Judge Dennis Saylor, IV was reassigned to this case following the recusals of Judges Talwani and Sorokin, a telephonic status conference was held on February 3, 2021. During the conference, Philips raised the possibility of extending the fact discovery deadline, the cut-off date currently being set for February 23, 2021. *See* Doc. Nos. 126-127. The Court noted that it did not "see any harm in putting it out, you know, 60 or 90 days if that's what you think you need" and that doing so would "relieve the pressure here while, among other things, I'm sorting out things on my end and you can get done on your end what you need to do." Transcript of Status Conference at 9:20-10:10. The Court instructed the parties to meet and confer as to how much of an extension would be necessary. *Id.* Both parties agreed to meet and confer, and Fitbit raised no objections at the time to an extension of the fact discovery cut-off date.

### C. Communications Between the Parties Following Status Conference

Immediately following the telephonic status conference, on February 3rd, Philips's counsel emailed Fitbit's counsel suggesting that the parties draft a joint motion to extend all deadlines by 90 days. *See* Exhibit D, Email Correspondence Between R. Rodrigues and C. Peterman, at 8 (email from Mr. Rodrigues sent February 3, 2021 at 3:40 PM). Fitbit's counsel replied that a 90 day extension of fact discovery was "unwarranted" and refused to agree to any extension of the fact discovery cut-off date. *Id.* at 7 (email from Mr. Peterman sent February 5, 2021 at 4:19 PM). Fitbit noted that it would be amenable to allowing Philips's expert access to Fitbit's source code

---

[1] To be clear, Philips does not believe that these technical difficulties were anything other than that, and does not accuse Fitbit of any impropriety in making the code available. These difficulties, however, reflect the realities that can hamper a remote source code review in the present work-from-home situation that we all find ourselves in.

until the end of March, but subsequently would not confirm that it would supplement the produced source code past the fact-discovery cut-off date were Philips's expert to identify deficiencies in the production. *Id.* at 7 (email from Mr. Peterman sent February 5, 2021 at 4:19 PM).

Philips then proposed filing a joint motion to extend the discovery cut-off date until March 5, 2021 so that all these matters, including extending fact discovery and the general schedule, could be discussed with the Court at the previously scheduled March 3rd status conference. *Id.* at 2-3 (email from R. Rodrigues sent February 16, 2021 at 5:02 PM). Philips noted that doing so would avoid emergency motion practice, and in subsequent emails notified Fitbit that if it refused, Philips would be forced to file an opposed emergency motion requesting an extension of the fact discovery cut-off set for February 23, 2021. *Id.* at 1-2 (emails from R. Rodrigues sent February 16, 2021 at 7:52 PM and February 17, 2021 at 8:13 AM). Fitbit again refused any extension to the February 23, 2021 fact discovery cut-off date. *Id.* at 1-2 (emails from Mr. Peterman sent February 16, 2021 at 7:02 PM and February 17, 2021 at 7:54 AM).

### III.   GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

Local Rule 16.1(g) provides that modification of the scheduling order "can be modified only by order of the judicial officer, and only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record."

Good cause exists in this case for four reasons:

**First**, in view of the recent reassignment of this case to Judge Saylor, not even Fitbit expects that the current case schedule will remain in place. Indeed, Fitbit has suggested that all dates **except** the fact discovery cut-off on February 23rd, 2021 be extended until after the Court's claim construction ruling. While Philips disagrees with this approach, and believes that instead a concrete schedule that provides enough time for the Court to address claim construction would be

more appropriate, there is simply no logical reason not to also extend the fact discovery cut-off. Indeed, the Court previously recognized that there would be no harm in such an extension during the last status conference, suggesting that an extension of "60 or 90 days" would be reasonable. *See* Transcript of Feb. 3, 2021 Status Conference at 10:5-6.

**Second**, Philips has repeatedly stressed to Fitbit that it would need time to review Fitbit's source code once allowed to review it. Indeed, before allowing the review to proceed, Fitbit had been pushing for additional delay that would have necessarily required an extension to the discovery period. While Fitbit reversed course and actually allowed the review to proceed, providing 12 business days within the fact discovery period (February 8th through February 23rd) for Philips to review the source code associated with more than twenty accused products is not reasonable. That Fitbit would allow the source code review to proceed through the end of March despite the fact-discovery cutoff is of little comfort in light of the fact that Fitbit is not committing to supplement its production after the cut-off were deficiencies to be identified. An extension of the fact discovery cut-off is therefore necessary to avoid prejudicing Philips's ability to conduct this essential discovery.

## IV.    CONCLUSION

For the foregoing reasons, Philips requests that the fact discovery cut-off be extended at least until March 5, 2021 (by a total of 10 days) so that the parties can have a more fulsome discussion of the case schedule, including a further extension of the fact discovery cut-off, at the status conference set of March 1, 2021.

Dated: February 17, 2021

Respectfully Submitted,

/s/ Eley O. Thompson
Lucas I. Silva (BBO 673,935)
Ruben J. Rodrigues (BBO 676,573)
John Custer (BBO 705,258)
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199-7610
Phone: (617) 342-4000
Fax: (617) 342-4001
lsilva@foley.com
rrodrigues@foley.com
jcuster@foley.com

Eley O. Thompson (*pro hac vice*)
FOLEY & LARDNER LLP
321 N. Clark Street
Suite 2800
Chicago, IL 60654-5313
Phone: (312) 832-4359
Fax: (312) 832-4700
ethompson@foley.com

*Counsel for Plaintiff*
*Philips North America LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above document was served on February 17, 2021 on counsel for Defendant via electronic mail.

By: _/s/ John W. Custer_