UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHILIPS NORTH AMERICA LLC,

        Plaintiff,

  v.

FITBIT LLC,

        Defendant.

Civil Action No. 1:19-cv-11586-FDS

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO VACATE JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60(b)(5) AND 60(b)(6)**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  BACKGROUND .................................................................................................................. 2

III. LEGAL STANDARD ........................................................................................................... 4

IV.  ARGUMENT ........................................................................................................................ 5

    A.   Vacatur ████████████████ And Conserves Judicial Resources ......... 6

    B.   Granting Vacatur Benefits Both of the Parties ........................................................ 7

    C.   Other Public Policy Factors Favors Vacatur ............................................................ 8

V.   CONCLUSION ..................................................................................................................... 9

## TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Click Ent., Inc. v. JYP Ent. Co.*,
  No. CIV.07-00342 ACK-KSC, 2009 WL 3030212 (D. Haw. Sept. 22, 2009) .......................... 6

*Freedom Wireless, Inc. v. Bos. Commc'ns Grp., Inc.*,
  No. CV-00-12234-EFH, 2006 WL 4451477 (D. Mass. Oct. 11, 2006) .......................... 4, 5, 6, 7

*Lycos, Inc. v. Blockbuster, Inc.*,
  No. C.A. 07-11469-MLW, 2010 WL 5437226 (D. Mass. Dec. 23, 2010) .......................... 4, 7, 8

*Microsoft Corp. v. Bristol Tech., Inc.*,
  250 F.3d 152 (2d Cir. 2001) ................................................................................................. 5

*Motta v. Dist. Dir. of INS*,
  61 F.3d 117 (1st Cir. 1995) ................................................................................................. 4

*Ohio Willow Wood Co. v. Thermo-Ply, Inc.*,
  391 F. App'x 871 (Fed. Cir. 2010) ...................................................................................... 4

*Richmond v. Mikkelson*,
  No. 20-CV-1925 W(KSC), 2022 WL 17097423 (S.D. Cal. Nov. 21, 2022) .......................... 5, 8

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*,
  513 U.S. 18 (1994) ........................................................................................................... 4, 8

*Vail v. Hyundai Motor Am., Inc.*,
  No. 23-CV-297-JDR-SH, 2024 WL 5355367 (N.D. Okla. June 7, 2024) .................................. 8

**Statutes**

35 U.S.C. § 101 .................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 60(b) ....................................................................................................... 4, 5, 9

I.   **INTRODUCTION**

This case has been remanded from the Court of Appeals for the Federal Circuit for this Court to consider vacatur ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ Fitbit filed a Notice of Non-participation and Unopposed Motion to Withdraw, which the Federal Circuit granted on August 11, 2025 along with granting partial remand of this case. *See* Dkt. 441 (copy of Federal Circuit order). ████████ ████████████████████████ Philips respectfully moves to vacate this Court's ruling regarding the validity of U.S. Patent No. 8,277,377 (*i.e.*, Dkts. 401 & 402) ("the '377 Patent Judgment"). ████████████████████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████ ████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ However,

1

▇▇▇▇▇▇ cessation of litigation between Fitbit and Philips in this matter also necessarily relinquishes Philips' right to proceed with its appeal of the '377 Patent Judgment, even though there are pending parallel proceedings with Garmin concerning the '377 Patent that will be subject to review by the Court of Appeals for the Federal Circuit in contrast to the present proceeding which likely will not be subject to appellate review in light of Fitbit's Notice of Non-participation and Motion to Withdraw, which was granted as noted. Accordingly, ▇▇▇▇▇▇ ▇▇▇▇▇▇ Philips would file this motion to vacate the '377 Patent Judgment, thereby avoiding the possibility that a ruling <u>not</u> subject to appellate review would interfere with the parallel ruling that will be subject to appellate review. ▇▇▇▇▇▇ ▇▇▇▇▇▇ This Motion thereby follows ▇▇▇▇▇▇ ▇▇▇▇▇▇.

## II.  BACKGROUND

This action was initiated nearly six years ago on July 22, 2019 when Philips filed an initial complaint against Fitbit asserting that Fitbit infringed certain Philips patents relating to connected wearable/online products, etc. Dkt. 1. Two amended complaints were subsequently filed, each also bringing claims for patent infringement against Fitbit. Dkt. 25; Dkt. 112 (withdrawing allegations of infringement as to one patent but maintaining claims as to others). Fitbit denied infringement and further contended that the asserted patents were invalid and/or unenforceable on various grounds. Dkt. 224; Dkt. 245.

The instant dispute was thereafter narrowed to allegations of infringement and invalidity directed to Claims 1, 4, 5, 6, 9, and 12 of the '377 Patent, which is directed to technology related to connected-health products, such as wearable fitness trackers. On September 1, 2022, this Court entered an order on the parties' cross-motions for summary judgment, entering the '377 Patent Judgment and finding all remaining claims invalid under 35 U.S.C. § 101 for being directed to

patent ineligible subject matter. Dkt. 401. Previously, this Court had denied a similar motion filed by Fitbit. Dkt. 219 at 12-16. Following entry of final judgment and dismissal on January 12, 2024 (Dkts. 435 & 436), Philips promptly appealed. Dkt. 439. Philips' appeal of this Court's summary judgment order remains pending.

The instant litigation is part of a much broader set of disputes between Philips and Fitbit that have been pending for more than half a decade both in the United States and abroad. Both sides have accused each other of infringing their respective patents and have challenged the validity of the patents asserted against them. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Once the vacatur motion is decided, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Philips shall move to dismiss the instant case as well as other cases. *Id.*

Because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Philips now moves under Rule 60(b) to vacate the '377 Patent Judgment. For the reasons discussed below, Philips' motion should be granted.

3

### III.     LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to grant relief from a judgment when "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). The "mere fact that the settlement agreement provides for vacatur" is not enough by itself without more, but the larger set of circumstances and context must be considered, including the public interest; consequently, the court of appeals "may remand the case with instructions that the district court consider the request." *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994); *see also Motta v. Dist. Dir. of INS*, 61 F.3d 117, 118-19 (1st Cir. 1995) (*per curiam*); *Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 391 F. App'x 871, 872-73 (Fed. Cir. 2010); *Freedom Wireless, Inc. v. Bos. Commc'ns Grp., Inc.*, No. CV-00-12234-EFH, 2006 WL 4451477, at *1 (D. Mass. Oct. 11, 2006); *Lycos, Inc. v. Blockbuster, Inc.*, No. C.A. 07-11469-MLW, 2010 WL 5437226, at *2 (D. Mass. Dec. 23, 2010).

The decision to grant relief under Rule 60(b) lies within the discretion of the district court. *Freedom Wireless*, 2006 WL 4451477 at *1. Granting vacatur in order to facilitate a "settlement of several complex, multi-party lawsuits" is "in furtherance of public interest" because it "will conserve this Court's and the parties' time, money and other resources . . . ." *Freedom Wireless*, 2006 WL 4451477 at *2. Indeed, in addition to the potential for preservation of future judicial resources, "exceptional circumstances" are also routinely found when the vacatur and related settlement will produce substantial benefits to the settling parties. *Motta*, 61 F.3d at 118-19 (finding "exceptional circumstances" when a court-suggested settlement resulted in legal certainty for the plaintiff and reduction of costs and litigation risk for the defendants); *Freedom Wireless*, 2006 WL 4451477 at *1-2 (holding that "exceptional circumstances" existed when settlement was in the financial interest of all parties).

Beyond broad public benefit principles of encouraging parties to settle and conserve both judicial and party resources, other more specific sets of circumstances have also been found to be sufficiently exceptional to support vacatur of an underlying judgment. For example, exceptional circumstances justifying vacatur may also arise where the merits of the underlying judgment have been challenged. *Cf. Microsoft Corp. v. Bristol Tech., Inc.*, 250 F.3d 152, 155-56 (2d Cir. 2001) (granting vacatur of punitive damages award following a post-judgment settlement reached during appeal and finding "exceptional circumstances" where "[i]t is unclear whether the district court had the power to reach the issue of punitive damages").

Additionally, courts have found that exceptional circumstances warranted vacatur where vacatur is sought as part of a larger, global settlement that resolves multiple ongoing disputes between the parties. *See Freedom Wireless*, 2006 WL 4451477 at *1-2. Importantly, courts have found that public policy favors granting a Rule 60(b) motion when vacatur "is a term of the settlement and represents part of the consideration for the parties' global resolution of the numerous disputes between them" but is not the primary motive for settlement. *Richmond v. Mikkelson*, No. 20-CV-1925 W (KSC), 2022 WL 17097423, at *2 (S.D. Cal. Nov. 21, 2022).

**IV.   ARGUMENT**

Philips respectfully requests that the Court vacate the '377 Patent Judgment. Consistent with the decisions of other courts, vacatur of the '377 Patent Judgment is warranted because: (1) vacatur would ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ conserve future judicial resources; (2) vacatur benefits both of the Parties by ▮▮▮▮▮▮▮▮▮▮ that avoids substantial future costs for the Parties and judicial systems; (3) vacatur under the circumstances presented here is not contrary to public policy because validity of the '377 Patent is being litigated in parallel and justice is not served by predominating one ruling that is no longer subject to appellate review over another

5

ruling on the same subject that is subject to appellate review, especially when it is a close call or the area of law is uncertain.

  **A. Vacatur ███████████████ And Conserves Judicial Resources**

The ████████████████████████████████████████ is in the public interest as it conserves judicial and party resources by ██████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████. For instance, as discussed above, the parties were until recently engaged in multiple technically complex, patent-related disputes involving multiple patent portfolios, not only in this Court but also before other tribunals in the United States and Germany, █████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████. *See Freedom Wireless*, 2006 WL 4451477, at *1-2 (granting vacatur where the parties agreed to settle three litigations because the resolution of "not only this action, but also [two] related actions . . . [are] all in furtherance of the public interest").

  Thus, ████████████████████████████████████████ ████████████████████████████████████████████ *Freedom Wireless*, 2006 WL 4451477 at *2. ████████████████████ ████████████████████████████████████████████ ████████████████████████████████[1] *Click Ent., Inc. v. JYP Ent. Co.*,

---

[1] Indeed, as discussed in further detail below, ████████████████████████ ████████████████ this is not the kind of case where vacatur could be inappropriate or contrary to public policy. *See* § IV(C), *infra*.

6

No. CIV.07-00342 ACK-KSC, 2009 WL 3030212, at *2 (D. Haw. Sept. 22, 2009). Should the Court deny vacatur under these circumstances, it would have the ▮▮▮▮▮ where a single unfavorable decision (and the need for the losing party to maintain appellate review) is an obstacle to ▮▮▮▮▮. In addition, it would potentially render the ruling unreviewable in spite of the fact that parallel rulings on the same subject actually are subject to appellate review. This would result in an unnecessary waste of judicial resources in future cases, and as such, vacatur is warranted ▮▮▮▮▮.

      **B.**    **Granting Vacatur Benefits Both of the Parties**

Vacatur of a prior judgment is also appropriate ▮▮▮▮▮ benefits all parties to the underlying dispute in addition to avoiding further litigation in this and other courts. *Freedom Wireless*, 2006 WL 4451477 at *1 (granting vacatur pursuant to a settlement agreement when "[a]bsent vacatur, the parties have strong incentives to proceed with appellate review because the findings, Orders and Judgment in question may detrimentally affect the various parties' respective abilities to protect their interests in the future . . . ."); *Lycos*, 2010 WL 5437226 at *4 (citing "private interests at stake," including avoidance of prolonged litigation, as support for vacatur). As in *Freedom Wireless*, absent the real possibility that this Court would vacate the '377 Patent Judgment, the Parties would have been incentivized to proceed with litigation in various different venues and jurisdictions to avoid any risk of collateral estoppel in other parallel litigations where validity of the '377 Patent is at issue. Granting vacatur in this case will therefore ▮▮▮▮▮. The avoidance of such substantial costs represents an exceptional circumstance that weighs in favor of vacatur.

7

C.     **Other Public Policy Factors Favors Vacatur**

Finally, the fact that the Parties did not ███████████████████████████ underscores the fact that vacatur in this particular case would be in furtherance of public policy. As the Supreme Court made clear in *Bancorp*, a concern that counseled against a presumption in favor of vacatur ████████████████ is the risk that litigants would ████████████████ ████████████████████████████████████████████████████████████████. *Bancorp*, 513 U.S. at 27-28 (1994) ("[W]hile the availability of vacatur may facilitate settlement after the judgment under review has been rendered and certiorari granted (or appeal filed), it may *deter* settlement at an earlier stage. *Some* litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur.") (original emphasis).

Here, ████████████████████████████████████████ ████████████████████, the public policy concerns raised in *Bancorp* are not present. The Parties ████████████████████████████████████████████████████████ ████████████████████████████████████████ unfavorable invalidity ruling as to a single patent. As other courts have recognized, ████████████████ "demonstrates that the parties' objective is the resolution of their dispute, rather than the elimination of an unfavorable ruling," which in and of itself weighs in favor of vacatur. *Vail v. Hyundai Motor Am., Inc.*, No. 23-CV-297-JDR-SH, 2024 WL 5355367, at *2 (N.D. Okla. June 7, 2024); *Richmond*, 2022 WL 17097423 at *2.

Although some courts have commented that vacatur "will deprive the courts and the public of any preclusive effect" of a prior judgment, *Lycos*, 2010 WL 5437226 at *4, this is of less concern here because validity of the '377 Patent is being litigated in the parallel litigation *Philips North America LLC v. Garmin Int'l, Inc. et al.*, No. 19-06301-AB-KS, Dkt. 164 (C.D. Cal. June 8, 2022)

8

("the California Litigation"). Indeed, the underlying issues surrounding the validity of the '377 Patent are still part of the California Litigation and part of subsequent appeals to the Federal Circuit, even if the '377 Patent Judgment is vacated as contemplated by the Parties in this case. Accordingly, similar to *Microsoft*, vacatur of the '377 Patent Judgment is warranted because it preserves the opportunity to appellate review of the relevant issues by the Federal Circuit while simultaneously serving the public interest by preserving court and party resources. Vacatur avoids predominating one ruling that is no longer subject to appellate review over another ruling on the same issue that is subject to appellate review. Public interest therefore favors vacatur in such instances as the issue of validity is not avoided, but rather addressed in the course of already progressing parallel litigation.

## V. CONCLUSION

For the foregoing reasons, Philips respectfully requests that the Court grant its Unopposed Motion to Vacate Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6) and vacate the '377 Patent Judgment.

Dated:  August 13, 2025                        Respectfully Submitted,


  /s/ Eley O. Thompson

Eley O. Thompson (*pro hac vice*)
FOLEY & LARDNER LLP
321 N. Clark Street
Suite 2800
Chicago, IL 60654-5313
Phone: (312) 832-4359
Fax: (312) 832-4700
ethompson@foley.com

Ruben J. Rodrigues (BBO 676,573)
Lucas I. Silva (BBO 673,935)
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199-7610
Phone: (617) 342-4000
Fax: (617) 342-4001
lsilva@foley.com
rrodrigues@foley.com

*Counsel for Plaintiff*
*Philips North America LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above document was served on August 13, 2025 on counsel for Defendant via electronic mail.

/s/ *Eley O. Thompson*
Eley O. Thompson

4915-9299-9253